## DANIEL U. JOHNSON *vs.* BENJAMIN THAXTER.

Judgment obtained on default against a person absent from the Commonwealth, and who has no knowledge of the pendency of the action, after merely leaving a summons at his last and usual place of abode, and attaching his real estate, without the further notice required by the Rev. Sts. c. 90, § 48, is erroneous, and will be reversed on a writ of error sued out by him, or, if he takes the benefit of the insolvent law, without having done so, by his assignee in insolvency.

WRIT OF ERROR by the assignee in insolvency of William Pool to reverse a judgment of the court of common pleas on his default at the first term, in an action brought by the defendant in error. The officer returned on the writ that he had attached real estate belonging to Pool, and had left a summons for him at his last and usual place of abode in Abington. Pool was an inhabitant of Abington, where he owned real estate and lived with his wife and children; but was absent from the Commonwealth at the time of the service; and did not return to Massachusetts, or know of the action against him, until after

the levy on his land of the execution issued on this judgment. He soon afterwards applied for the benefit of the insolvent laws, without having taken any steps to review or reverse the judgment. The case was submitted to the decision of the court upon these facts.

*J. A. Andrew*, for the plaintiff in error.

*N. C. Berry,* for the defendant in error. The service by attachment of real estate gave the court jurisdiction of the action and the parties, and authorized it to render a judgment at the first term. The statute does not absolutely require an order of notice and continuance when the defendant is absent from the Commonwealth, nor require of the plaintiff to suggest his absence, especially if he does not know it. Rev. Sts. *c.* 90, §§ 41, 48; *c.* 92, §§ 1, 3. *Morrison* v. *Underwood,* 5 Cush. 54. *Olcott* v. *Hutchins,* 4 Verm. 17.

For a judgment rendered in the absence of the defendant, and without his knowledge, the statute gives him a remedy by petition for a writ of review. Rev. Sts. *c.* 99, § 20. *Brewer* v. *Holmes,* 1 Met. 288. Neither Pool nor his assignee could sue out a writ of review as of right under Rev. Sts. *c.* 99, § 19; much less a writ of error, as the fact of Pool's absence is not shown by the record. At common law, error lies only for cases apparent on the face of the record. 3 Bl. Com. 407. 5 Dane Ab. 61. Our statute authorizing a writ of error for error in fact must be limited to such errors as have not been especially provided for. *Brewer* v. *Holmes,* 1 Met. 288. *Tilden* v. *Johnson,* 6 Cush. 354. When *Blanchard* v. *Wild,* 1 Mass. 342, was decided, the statutes of reviews were different. *Sts.* 1788, *c.* 11; 1791, *c.* 17, § 2.

In *Downs* v. *Fuller,* 2 Met. 135, and *Leonard* v. *Bryant,* 11 Met. 370, the error appeared of record; they were not cases of writs of error; and the persons who impeached the judgments were not parties nor privies. Here Pool's assignee in insolvency is his privy in estate. *Johnson* v. *Thaxter,* 7 Gray, 242. Pool acquiesced in the judgment and levy, and his assignee is bound by his waiver.

BIGELOW, J.   It is clear that this judgment is erroneous, there having been no such service of the writ on the original defendant as the statute requires.   He was out of the State at the time of the service of the summons, and had no notice or knowledge of the pendency of the action.   In such case, by the Rev. Sts. *c.* 90, § 48, it is expressly required that, in addition to leaving a summons at the last and usual abode of the defendant, he shall be entitled to further notice of the suit as required in the Rev. Sts. *c.* 92, § 3.   No such notice was given to the defendant in the original action.   *Downs* v. *Fuller*, 2 Met. 135. *Leonard* v. *Bryant*, 11 Met. 370, and 2 Cush. 32.

That a defect in the service of a writ is good ground for reversing a judgment rendered thereon, by writ of error, has been repeatedly decided by this court.   *Arnold* v. *Tourtellot*, 13 Pick. 172.   *Gay* v. *Richardson*, 18 Pick. 417.   *Tilden* v. *Johnson*, 6 Cush. 354.   *Bodurtha* v. *Goodrich*, 3 Gray, 508.

A writ of review is a proper remedy to correct an error in a judgment, when the statute has been complied with by causing the writ to be properly served, but through some mistake or accident the defendant has not had notice of the action.   In such action the court has jurisdiction of the case and can proceed to render a proper judgment.   But this cannot be done where there has been no legal service of the writ.   An essential prerequisite to enable the court to take cognizance of the case is wanting, and no valid judgment can be rendered against the defendant, and if one is rendered, it is erroneous and liable to reversal on error.

The case of *Morrison* v. *Underwood*, 5 Cush. 54, is wholly unlike the case at bar.   The defendant in that case had notice of the pendency of the action and waived the defect in the service of the writ.                              *Judgment reversed.*